IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

XAI XIONG,

      Petitioner,                   No. CIV S-08-1052 WBS EFB P

    vs.

T. FELKER, Warden,

      Respondent.              ORDER

                              /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Examination of the *in forma pauperis* affidavit reveals that petitioner is unable to afford the costs of suit.

       Petitioner challenges his June 25, 2001, conviction of attempted murder, discharging a firearm at another from a vehicle, discharging a firearm at a dwelling from a vehicle and assault with a deadly weapon rendered by a judge of the Yuba County Superior Court. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, and for the reasons explained below, the court finds that it appears petitioner has failed to exhaust the available state remedies with respect to any of his claims. Therefore, he must demonstrate good

////

cause for this failure or obtain consent from the respondent to proceed despite his failure to exhaust.

A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  It appears from the face of the application that the petitioner is not entitled to relief.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995)(to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  Unless the respondent specifically consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed.  *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275.  A claim is unexhausted if any state remedy is available.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).  For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus.  *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*,

189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

In the petition, petitioner alleges that he filed an appeal, but does not allege that he sought review of the appellate court's decision in the California Supreme Court. He also asserts that he sought post-conviction relief from the trial court, but does not allege that he filed any application for post-conviction relief in the California Supreme Court. Therefore, the court finds that petitioner failed to exhaust the available state remedies with respect to any of the claims in the federal petition. In order to proceed, petitioner must show cause for this failure or obtain from the respondent an express waiver of the exhaustion requirement.

Accordingly, it is ORDERED that:

1. Petitioner's May 15, 2008, request for leave to proceed *in forma pauperis* is granted;

2. Within 20 days from the date this order is served, petitioner either shall demonstrate that he presented to the California Supreme Court the claims on which he seeks relief in his federal habeas petition or obtain from the respondent an express waiver of the exhaustion requirement. Failure to comply with this order may result in a recommendation that this action be dismissed without prejudice on the ground that petitioner failed to exhaust the available state remedies; and,

3. The Clerk of the Court is directed to serve the May 15, 2008, petition and a copy of this order on Michael Patrick Farrell, Senior Assistant Attorney General for the State of California.

Dated: July 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE